# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH CASAGRANDE<br>1426 Yorktown Road<br>Columbus, Ohio 43232 | : <br> : | |
| Plaintiff, | : <br> : | CASE NO. |
| v. | : <br> : | JUDGE |
| | : <br> : | MAGISTRATE JUDGE |
| OHIO HEALTH CORP.<br>c/o Frank T. Pandora, II<br>180 East Broad Street<br>Columbus, Ohio 43215 | : <br> : <br> : <br> : <br> : | **Jury Demand Endorsed Hereon** |
| Defendant. | : | |

## COMPLAINT

NOW COMES Plaintiff Joseph Casagrande ("Plaintiff") and proffers this Complaint for damages against Defendant OhioHealth Corp. ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Franklin County, Ohio.

2. Defendant is an Ohio Corporation doing business in the Southern District of Ohio.

3. Plaintiff is an "eligible employee" as defined by the Family Medical Leave Act, 29 U.S.C. § 2611(2).

4. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A). Defendant was engaged in commerce or an industry or activity affecting commerce, and employed 50 or more employees for each working day during each of 20 or more calendar workweeks at all times during Plaintiff's employment.

## JURISDICTION AND VENUE

5. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

6. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has its facility in Franklin County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

7. Plaintiff began working for Defendant on or about December 5, 2011 as a Registered Nurse.

8. Plaintiff was employed at Defendant's Riverside Hospital.

9. Upon information and belief, Plaintiff's employment was with a franchisee of Defendant.

10. In November 2012 Plaintiff requested medical leave due to a serious medical condition. Initially, Plaintiff requested leave from November 2, 2012 through November 22, 2012.

11. Defendant approved Plaintiff's leave but instructed Plaintiff that his leave was not protected under the FMLA because he had not been employed by the company for 12 months.

12. At the time Plaintiff went on leave in November 2012, he had worked more than 1250 hours since his start date in December 2011.

13. Plaintiff's initial leave was extended through February 2013.

14. On or about December 5, 2012, Plaintiff satisfied the 12 month requirement under the FMLA. Accordingly, Plaintiff was entitled to the protections under the Act from that date forward.

15. In a letter dated December 11, 2012 Plaintiff was informed by Plaintiff's manager, Ms. Amy Sayers, that he was not entitled to "FML job protection" because he had not "worked" for OhioHealth for at least 12 months. Ms. Sayers further stated that Plaintiff's position was filled effective December 11, 2012.

16. In a letter from Defendant's Associate Health and Wellness Department dated December 13, 2012, Plaintiff was again denied protection under the Act.

17. Plaintiff was informed by Defendant that he would remain an employee of the company for employee benefit purposes but would be required to apply for other open positions within the Company.

18. Plaintiff remained in contact with Ms. Rose Cacioppo, Plaintiff's Disability Case Manager, during his leave of absence.

19. In early January 2013, Plaintiff was able to return to work and informed Ms. Cacioppo of the same. Plaintiff and Defendant scheduled a meeting for January 12, 2013 to discuss his return.

20. Defendant cancelled the January 12, 2013 meeting and rescheduled it for January 18, 2013.

21. On or about January 18, 2013 Plaintiff had a meeting with Defendant's representatives Ms. Cacioppo, Mr. Michael Kramb (Associate Relations Coordinator, Human Resources), and Jean Lefebvre (Senior Case Manager).

22. In the January 18, 2013 meeting, Plaintiff informed Defendant that he was able to return to work since January 12, 2013. Plaintiff was told he could start applying for open positions online. Plaintiff was also told that he would have to provide a medical release at some point in the future if and when he actually obtained a job.

23. In mid-January Plaintiff began applying for jobs.

24. On or about February 20, 2013 Plaintiff informed Ms. Cacioppo that based upon his reading of the FMLA laws and regulations he believed his denial of protection after December 5, 2012 was an incorrect determination.

25. Plaintiff continued to have conversations with Defendant about his denial of FMLA protection. Defendant stated to Plaintiff that it was looking into it and needed to speak with "legal."

26. On or about March 12, 2013 Defendant told Plaintiff that, after speaking with legal, he would be placed back in his prior position. Defendant has not provided any other remedy.

27. As of the filing date of this Complaint, Plaintiff has not been provided a start date, and work schedule..

## COUNT I

### (Violation of the Family Medical Leave Act)

28. Plaintiff reasserts and reincorporates each and every allegation contained in paragraphs 1-27 above as if fully rewritten here.

29. Plaintiff is an "eligible employee" as defined by 29 U.S.C. § 2611(2).

30. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A).

31. Defendant unlawfully interfered with Plaintiff's rights under the Family Medical Leave Act by denying FMLA protection after Plaintiff became an eligible employee on December 5, 2012.

32. As a result, Plaintiff's position was filled and Plaintiff was forced to apply for other job openings.

33. Defendant's failure to protect Plaintiff's position is a direct violation of the statute.

34. Defendant lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA.  In fact, Plaintiff sent Defendant the applicable FMLA regulations that demonstrated Defendant's violation.

35. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial. WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell*

Greg R. Mansell (0085197)
(*Greg.Mansell@Ohio-EmploymentLawyer.com*)
*Counsel for Plaintiff*
**Mansell Law, LLC**
20 S. Third St.
Suite 210
Columbus, Ohio 43215
(614) 610-4134

*Attorney for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Greg R. Mansell*

Greg R. Mansell (0085197)